UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CR-56-PLR |
| | ) | |
| DAVID AUSTIN COLWELL | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motions for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 308, 326]. The government has responded deferring to the court's discretion whether and to what extent to reduce defendant's sentence [R. 328]. The United States Probation Office has provided the court with a memorandum regarding retroactivity of Amendment 782. Defendant is presently scheduled for release on May 25, 2024.

Defendant was convicted of conspiring to distribute and possess with intent to distribute at least 50 grams of cocaine base (crack), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). At sentencing, defendant's base offense level was 29, with a criminal history category III, resulting in an advisory guideline range of 108 - 135 months. However, defendant was subject to a mandatory term of life imprisonment pursuant to the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A). Therefore, defendant's restricted advisory guideline sentencing range was 360 months. At

sentencing, the court granted the government's motion for downward departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 due to defendant's substantial assistance. The court also granted defendant's motion for a downward variance, imposing a sentence of 192 months imprisonment [R. 251]. Based on a later Rule 35(b) motion, the court further reduced defendant's sentence to 153 months imprisonment [R. 285].

Amendment 782 reduces the guideline range applicable to defendant. Pursuant to Amendment 782, defendant's base offense level is 27, with a criminal history category III, resulting in an amended guideline range of 87 - 108 months. Defendant is no longer subject to the mandatory minimum life sentence. Giving defendant a comparable adjustment (46% for substantial assistance to the government)[1], and taking into account the policy statements set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), it is hereby ORDERED that the defendant's motions [R. 308, 326] are GRANTED, and the defendant's sentence is **reduced to 47 months**.

If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "time served" sentence. *See* USSG § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment dated April 9, 2012 [R. 251] shall remain in effect. This defendant has clearly been the recipient of many fortuitous events that have allowed him to avoid a lifetime of imprisonment. Defendant should keep in mind that he is still subject to a term of 10 years supervised release and

---

[1] Defendant's motion for downward variance is not taken into consideration when apply Amendment 782 reductions. *See United States v. Kimberly Taylor,* 815 F.3d 248, 252 (6th Cir. 2016).

should make diligent efforts to ensure that the reduction he has received is not revoked as a result of failure to comply with the terms of supervised release.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
UNITED STATES DISTRICT JUDGE